UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE HARRINGTON, BRANDY KROESE, JOSEPH EVANS and H & S CLUB OMAHA, INC., | **Case No.: 8:19-cv-121** |
| Plaintiffs, | |
| - versus - | |
| CITY OF OMAHA, OMAHA DEPUTY CITY ATTORNEY MICHELLE PETERS, OMAHA POLICE CHIEF TODD SCHMADERER, OFFICER COTTON (Badge #2045) and JOHN DOE OMAHA POLICE OFFICERS #1, #2, and #3 In Their Official and Individual Capacities, | **COMPLAINT** |
| Defendants. | **JURY DEMANDED** |

Plaintiffs submit the following Complaint against the Defendants:

## **INTRODUCTION**

1.      Defendant City of Omaha, by and through four plain clothes police officers, under the direction and supervision of Defendants Peters and Schmaderer, entered Plaintiffs' private property at 7301 Farnam Street without a warrant, identification, or advance permission at approximately 6:05 pm on March 12, 2019, during operating hours, and engaged in an illegal trespass, invasion of privacy, and search and seizure of the property and persons therein for approximately 12 minutes, committing numerous violations of Plaintiffs' civil rights and Nebraska State civil and criminal laws, including assault and battery by way of unauthorized fingerprinting.

2.      Club Omaha, located at 7301 Farnam Street, is a private membership club that is closed to the general public including law enforcement in their official capacities.

3.      These rules are posted on the exterior and interior of Club Omaha and Plaintiffs' counsel has advised Defendants City of Omaha, Peters, and Schmaderer of this on multiple occasions

dating back to the summer of 2018.

4.      The City of Omaha was sued in 2018 by Plaintiffs Shane Harrington and H & S Club Omaha, Inc. for causes of action including illegal trespass, search, and seizure at 7301 Farnam Street, where Plaintiffs alerted Defendants to these facts (case currently on appeal).

5.      Club Omaha does not have a liquor license, food permit, or other license or permit that allows Defendants to enter Plaintiffs' property without a warrant or advance permission.

6.      Officer Cotton (Badge #2045) and John Doe Omaha Police Officers #1, #2, and #3 arrived at Club Omaha on March l2, 2019, shortly after 6:00 pm.

7.      Each officer arrived in his own unmarked vehicle and three of the four vehicles were parked in Club Omaha's parking lot.

8.      The four officers entered Club Omaha at approximately 6:05 pm without a warrant or permission and threatened, harassed, and intimidated Plaintiffs Kroese and Evans for a period of over 12 minutes.

9.      Three of the officers produced badges after entering the building and the one with a gun never showed a badge.

10.     The officers threatened to arrest Plaintiffs Kroese and Evans if they didn't immediately produce identification, sign citations and provide fingerprints.

11.     One officer pulled out his handcuffs and said "we can do this the easy way or the hard way… the hard way is going to jail."

12.     One of the officers placed his hand on his gun in a threatening manner for four seconds and paced around the registration room with his gun exposed for approximately 3 and a half minutes in an intimidating fashion.

13.     The officers engaged in other conduct including threatening statements and body

language during the course of their interrogation, forcing Kroese and Evans to sign the citations and provide fingerprints under duress and against their will.

14.     The officers purposely entered without body cameras to disguise and hide their illegal activities as Plaintiffs previously attempted to subpoenae body camera footage from Defendants regarding an incident that occurred in the summer of 2018.

15.     The officers prohibited Kroese and Evans from making a phone call to their lawyer or Club Omaha's owner, Shane Harrington.

16.     The officers restricted the movements of Plaintiffs Kroese and Evans, prohibiting them for leaving the membership room and office area of Club Omaha for approximately 8 minutes against their will until they provided identification, signatures, and fingerprints.

17.     The officers repeatedly said, "don't move" to Kroese and Evans and the officer blocking the membership room door was a giant over 300 lbs around 6' 5" tall.

18.     The citations were issued to cause emotional distress and frighten Plaintiffs Kroese and Evans into quitting their jobs (and other Club Omaha employees and contractors) when in fact the Defendants knew they had committed no crime or violation.

19.     The citations were issued during operating hours to alarm Plaintiffs and their employees and members.

20.     The citations were issued during auditions to damage Plaintiffs' business and reputation.

21.     The citations were issued to deter Plaintiffs Shane Harrington and H & S Club Omaha, Inc. from opening a new club on 2603 - 2607 S.120th Street, Omaha, Nebraska.

22.     Since the officers failed to read Miranda rights to Kroese and Evans their statements are inadmissible.

23.     The officers originally stated they were ticketing Kroese and Evans for "serving" alcohol

in a public place but after conducting an illegal interrogation they were cited for "consuming" alcohol in a public place which is equally false.

24.     The three citations issued by Defendants are based upon illegal searches conducted on February 22, 2019, February 28, 2019, and March 1, 2019 (any and all evidence obtained on these days is fruit of the poisonous tree and inadmissible).

25.     This incident of March 12, 2019, is the sixth separate occasion where Defendants have entered Plaintiffs' private property without a warrant and without permission since Plaintiffs opened less than two years ago.

26.     The City of Omaha's Police Department trespassed upon, and engaged in an illegal search of, Plaintiffs' private property on July 21, 2018 in violation of Plaintiffs' constitutional rights.

27.     On March 17, 2017, John Doe Building Inspectors #1 and #2 trespassed on Plaintiffs property at 7301 Farnam Street without advance permission or warrant.

28.     Plaintiffs have suffered and continue to suffer monetary damages and irreparable damages to their civil rights and reputations.

29.     Plaintiffs demand a TRO, preliminary injunction, and declaratory judgment, enjoining Defendants from entering 7301 Farnam Street, Omaha, NE 68114 and Plaintiffs' new club located at 2603 – 2607 S. 120th Street, Omaha, NE 68144 ("Plaintiffs' Private Properties") without a warrant or advance permission from Plaintiffs.

30.     Additionally, Plaintiffs respectfully request that this Court enjoin Defendants from harassing, intimidating, threatening, and retaliating against Plaintiffs or their members for exercising their rights to free speech, expression, and assembly and the use of the federal court system.

4

**PLAINTIFFS KROESE AND EVANS WERE FALSELY CHARGED**

**WITH "CONSUMPTION OF LIQUOR IN A PUBLIC PLACE"**

31.     Plaintiffs Kroese and Evans were issued defective citations on March 12, 2019, under NRS 53.186.01 for consumption of liquor in a public place on February 28, 2019 (Evans) and March 1, 2019 (Kroese).  A third individual was issued the same citation for acts that allegedly occurred February 22, 2019.

32.     Plaintiffs Kroese and Evans did not consume liquor at 7301 Farnam Street on the dates alleged by Defendants, or at any other time while they were working, and Defendants do not work in a "public place."

33.     The citations do not contain a "time" of offense which is left blank by the executing officer and there is no information regarding witnesses or the nature of the offense other than "Consumption of liquor in public place."

34.     The officers were not certain what they were charging Kroese and Evans with at the time they issued the citations, first stating they were for "serving alcohol in a public place."

35.     The citations are overbroad and vague and fail to include probable cause for the charges presented.

36.     Defendant Peters falsely stated in an email to Plaintiffs' counsel on March 15, 2019, that "Neb. Rev. stat. Sec 53-186.01 (which) provides that it is unlawful for anyone to allow the consumption of alcohol in their club. Club Omaha meets this definition."

37.     The statute does not state anywhere that "it is unlawful for anyone to allow the consumption of alcohol in their club."

38.     The statute states three times that it relates to **public places** including the title: "Consumption of liquor in **public places**," subsection (1) "**any place open to the general**

**public**," and subsection (2) "**any place open to the general public**."  (emphasis added)

39.    The word "private" or phrase "private property" does not appear in the statute.

40.    Club Omaha is not a "place open to the general public" - it is in fact a private membership club for the following reasons: (1) Club Omaha is located on private property; (2) Only members may enter the main part of the club; (3) Only members or prospective members may enter the membership room of Club Omaha; (4) Members must provide copies of valid picture identification and must sign and adhere to a strict membership contract and code of conduct; (5) Numerous interior and exterior signs state that Club Omaha is a private membership club and that law enforcement is prohibited; (6) Club Omaha has turned away hundreds of members of the public from the property who requested to use the restrooms or ATM machines; and (7) Club Omaha has deterred unknown thousands of people from entering 7301 Farnam Street because they did not want to provide a copy of their ID and be recorded on high definition security cameras by Club Omaha.

41.    Other private membership clubs in Omaha with similar rules include country clubs, health clubs, fitness clubs, veterans' clubs, fraternities and sororities, etc. these private membership clubs, like Club Omaha, only allow members to use their facilities and allow prospective new members to enter their properties for the purposes of joining or purchasing a membership.

42.    By contrast, "places open to the public" include malls, libraries, parks, sidewalks, public parking lots, public transportation facilities, retail and grocery stores, restaurants, bars, night clubs, and all other places where members of the public may enter without a fee or without the restrictions imposed by a contractual membership.

43.    In fact, on October 31, 2016, the Omaha Assistant Attorney William Acosta-Trejo wrote

Plaintiffs' an email before they opened confirming that, "A license is (only) needed if it's a place open to the **general public**…" (emphasis added)

44.     Plaintiffs are unable to prepare adequately for their legal defense and their court hearing of April 16, 2019, with these defective citations.

45.     The citations are constitutionally defective in violation of Plaintiffs' rights under the federal constitution.

## JURISDICTION

46.     Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1343(a)(1)(2)(3) and (4), 28 U.S.C. § 1331 and the pendent and supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.  This action is authorized and instituted pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

47.     This case presents an actual controversy because Plaintiffs are seeking a declaration of their rights under the United States Constitution.  Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiffs and grant further necessary or proper relief, including preliminary and permanent injunctive relief.

## VENUE

48.     Venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

49.     Plaintiff Shane Harrington is an individual residing in Omaha, Douglas County, Nebraska, a taxpayer of the State of Nebraska, and principal officer of H & S Club Omaha, Inc.

50.     Plaintiffs Brandy Kroese and Joseph Evans are employees of H & S Club Omaha, Inc.

51.     Plaintiff H & S Club Omaha, Inc. is a Nebraska corporation and taxpayer of the State of Nebraska that owns and operates Club Omaha.

52.     Defendant City of Omaha is the municipal entity that operates the Omaha Police Department, the Omaha Building Department, and all municipal aspects of the City of Omaha.

53.     Defendant Michelle Peters is a Deputy Omaha City Attorney.

54.     Defendant Todd Schmaderer is the Police Chief of the City of Omaha.

55.     Defendant Officer Cotton (Badge #2045) is one of the four Omaha Police Officers who were involved in the subject incident of March 12, 2019.

56.     Defendant John Doe Omaha Police Officer #1 is middle-aged male wearing an Adidas sweatshirt, glasses, cap and no badge at the time and date of incident.

57.     Defendant John Doe Omaha Police Officer #2 is the youngest and biggest of the four officers (approximately 6'5" 300lbs), wearing an under armour sweatshirt, with a beard and wool cap at the time and date of incident.

58.     Defendant John Doe Omaha Police Officer #3 is a middle-aged male with mustache wearing black shoes at the time and date of incident.

59.     Defendants Schmaderer, Peters, Cotton, and John Doe Police Officers #1, #2 and #3 at all material times, were acting under color of state law, and the acts complained of and the wrongs committed were made possible by them being granted power to act under the color of municipal law.

60.     The individual Defendants, in their official and individual capacities, in conjunction with the City of Omaha, are engaged in a conspiracy to violate the constitutional rights of Plaintiffs and are engaged in a custom and policy of discriminatory conduct against Plaintiffs.

## CLAIMS FOR RELIEF

61.     Defendants violated the rights of Plaintiffs guaranteed under Federal and Nebraska State law, including 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendment to the United

States Constitution, by conspiring to deter, intimidate, threaten, and harass Plaintiffs, trespassing upon and illegally searching Plaintiffs' private property on February 22, 2019, February 28, 2019, March 1, 2019, and March 12, 2019, retaliating against, punishing, and threating to arrest, detain, and incarcerate Plaintiffs for exercising their rights to free speech, assembly, and expression and for not sharing the same religious and moral beliefs of Defendants, and attempting to promote and force their religious and moral beliefs upon Plaintiffs by issuing false, defective citations.

## FIRST CAUSE OF ACTION

## ILLEGAL SEARCH AND SEIZURE - FOURTH AMENDMENT VIOLATIONS

62.    On March 12, 2019, Defendants Cotton and John Doe Police Officers #1, #2 and #3, under the direction and supervision of Defendants Schmaderer, Peters and the City of Omaha, trespassed on Plaintiffs' private property at 7301 Farnam Street, Omaha, Nebraska without warrant or advance permission and conducted an illegal search and seizure

63.    These officers parked vehicles on Plaintiffs' property and entered Plaintiffs' private membership club for the purpose of searching for three individuals, including Plaintiffs Kroese and Evans.

64.    Defendants acts of trespass in the parking lot and building constitute an illegal search within the meaning of the Fourth Amendment.

65.    This illegal search and seizure that lasted approximately 12 minutes was captured on Plaintiffs' security cameras.

66.    During this search the Defendants demanded and took fingerprints and signatures from Plaintiffs Kroese and Evans under duress and threats of violence and false arrest.

67.    Plaintiffs, individually, and their servants, agents, employees, and contractors live and

work in fear that Defendants will enter Plaintiffs' property at any time without warrant as this is the sixth time Defendants have violated Plaintiffs' Fourth Amendment rights.

## PRIOR INCIDENT #1

68.     Defendant the City of Omaha's first overt acts occurred on March 13, 2017, eleven days before Plaintiffs' club opened.

69.     Defendant the City of Omaha, by and through two building inspectors, conducted an illegal search upon Plaintiffs' property without warning or permission, purposely interrupting a television interview with KETV television news.

70.     One of these acts of trespass was captured on camera and aired twice on television news in Nebraska on March 13, 2017, at 6:00 pm and 10:00 pm, and perpetually thereafter on the internet and social media, tarnishing the reputation of Plaintiffs and wrongfully suggesting to the public that Plaintiffs were in violation of the Omaha Municipal Building Code.

71.     According to the City of Omaha's Municipal Code Section 43-9. Right of Entry: "Upon presentation of the proper credentials, the director of the planning department or his/her duly authorized representatives may enter at reasonable times any building, structure or premises within the jurisdictional area of the city to perform any duty imposed upon him/her by this chapter and the city's building code."

72.     Neither building inspector produced any credentials or even a business card upon entering Club Omaha and entry during a live television interview cannot be considered a "reasonable time" within the meaning of the statute.

## PRIOR INCIDENT #2

73.     On July 21, 2018, from approximately 6:00 – 6:20/6:30 pm, approximately 10 police officers, John Doe Police Officers #1 - #10, trespassed on Plaintiffs' property for approximately

20 – 30 minutes and refused to leave despite multiple requests.

74.     Defendants demanded entry to Club Omaha for the purpose of "copying everyone's ID."

75.     Defendants were carrying guns and other weapons and intentionally put Plaintiffs in fear of their safety and lives.

76.     Defendants held the exterior door of Plaintiffs' club open with their boots while they unlawfully interrogated the manager on duty.

77.     Defendants were informed that they were trespassing on private property but refused to depart.

78.     Members and dancers were discouraged from entering Club Omaha while this trespass took place.

79.     Members, dancers, and employees of Club Omaha witnessed this incident or heard about it from a third party, damaging Plaintiffs' reputation and suggesting that Plaintiffs are engaged in illegal conduct.

80.     Some Club Omaha, members, dancers, and employees as well as members of the public, were and are under the impression that Club Omaha was "raided" by Defendants for engaging in illegal conduct.

## PRIOR INCIDENTS #3 - #5

81.     Defendants engaged in illegal searches of Plaintiffs' private property on February 22, 2019, February 28, 2019, and March 1, 2019, without a warrant or probable cause.

82.     Wherefore, as a result of Defendants' custom and policy of illegal searches and seizures upon Plaintiffs' property, most recently that of March 12, 2019, Plaintiffs have suffered lost revenue and damages to Plaintiffs' reputations, emotional and psychological damages, together with attorney's fees and the costs of this action.

## SECOND CAUSE OF ACTION

## DUE PROCESS VIOLATIONS

83.     Defendants' citations issued March 12, 2019, and the actions of Defendants against Plaintiffs Kroese and Evans violate Plaintiffs' substantive and procedural due process rights.

84.     The citations were issued for the ulterior purpose of intimidating and harassing Plaintiffs rather than for the purpose of prosecuting a violation of the underlying statute.

85.     The citations fail to give Plaintiffs notice of the crime they committed.

86.     The citations fail to give notice of the degree of Misdemeanor or penalty for conviction.

87.     Defendant Peters twisted the words of the statute under which Kroese and Evans were prosecuted: ***"Neb. Rev. stat. Sec 53-186.01 (which) provides that it is unlawful for anyone to allow the consumption of alcohol in their club. Club Omaha meets this definition."***

88.     The statute does not state anywhere that "it is unlawful for anyone to allow the consumption of alcohol in their club" and the phrase "in their club" also appears nowhere in the statute.

89.     However, the statute does state three times that it applies to consumption in a "public place" or "place open to the public."

90.     The citations fail to list a time of offense.

91.     Defendants used threats of handcuffs, a gun, and incarceration for the purpose of getting Plaintiffs Kroese and Evans to sign their citations and produce fingerprints.

92.     Wherefore, Plaintiffs request equitable relief and monetary damages.

## THIRD CAUSE OF ACTION

## FIRST AMENDMENT RIGHTS OF FREE SPEECH, EXPRESSION AND ASSEMBLY

93.     Plaintiffs, their members, and their employees and contractors utilize Club Omaha to

exercise their constitutionally guaranteed rights of free speech, peaceful assembly, and free expression.

94.    As a result of having different religious beliefs than Defendants, Plaintiffs, their members, and their contract employees have been persecuted, discriminated against, and denied due process, equal protection, and free expression and otherwise harmed and damaged by Defendants.

95.    Defendants have engaged and continue to engage in discrimination of Plaintiffs' business because they have moral and religious objections to what occurs inside Club Omaha, including the rights of Plaintiffs, their members, and their contract employees to express themselves by viewing or engaging in live nude dancing.

96.    The United States Supreme Court has previously determined that non-obscene nude and partially nude dancing is expressive conduct within the protection of the First Amendment.

97.    The attempt to prosecute Plaintiffs for "Consumption of liquor in a public place" is unrelated to alcohol consumption and directly related to Defendants' disapproval of the legal activities that occur inside Club Omaha.

98.    Defendants' conduct does not have a secular purpose.

99.    Defendants are using the NRS 53.186.01 to intimidate and discriminate against Plaintiffs, to scare Plaintiffs from working for Club Omaha, to promote Defendants' religious beliefs, abridge the freedom of speech, assembly, and expression of Plaintiffs, their members, and their contract employees, and to retaliate against and punish Plaintiffs, their members, and their contract employees from exercising their freedom of speech, assembly, and expression, and for not sharing the same religious and moral beliefs of Defendants.

100.    Wherefore, Plaintiffs request equitable relief and monetary damages.

13

## FOURTH CAUSE OF ACTION

## FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATIONS

101.   Defendants have denied Plaintiffs equal protection of the law by repeatedly entering and searching Plaintiffs' private property without a warrant, while obtaining warrants to search other private properties in the City of Omaha.

102.   Defendants have denied Plaintiffs equal protection of the law by specifically targeting Plaintiffs and Club Omaha for discriminatory treatment because of Plaintiffs' form of speech, expression, assembly, and due to the fact that Plaintiffs' members, employees, and contractors, are largely minorities and other protected class members, including women, African-Americans, Latinos, and Asians, along with a high percentage of members of the LBGT community.

103.   The defective and unconstitutional citations of March 12, 2019, were issued by Defendants for the sole purpose of closing Club Omaha and causing Plaintiffs harm, without being issued to other businesses or individuals in Nebraska that allow the "consumption of alcohol in public places," including but not limited to churches, fraternities and sororities, country clubs, tennis clubs, bridge clubs, hotels and motels, tailgating parties, and other venues.

104.   The Plaintiffs are intentionally being discriminated against and being treated differently than similarly situated businesses and entities, including establishments where alcohol is sold and consumed, other membership organizations, and other private clubs.

105.   Defendants demanded fingerprints from Plaintiffs Kroese and Evans for a Class IV Misdemeanor, an offense that does not carry a jail penalty, while Defendants do not collect fingerprints from other individuals charged with Class IV Misdemeanors.

106.   Club Omaha is a place of assembly entitled to constitutional protection.  Defendants allow religions, professional associations, fraternities, sororities, and other clubs and entities to

assemble peacefully in public with alcohol without harassment, frequent searches, and arbitrary limitations on hours.

107.    Wherefore, Plaintiffs request equitable relief and monetary damages.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF 42 U.S.C. § 1985

108.    42 U.S.C. § 1985(2) is captioned "Obstructing justice; intimidating party, witness, or juror."

109.    Defendants violated 42 U.S.C. § 1985(2) by conspiring to deter, hinder, and obstruct, by intimidation, threat, and force, Plaintiffs from exercising their right to work at Club Omaha.

110.    Defendants further violated 42 U.S.C. § 1985(2) by conspiring to injure, retaliating against, and punishing Plaintiffs for having exercised their right to seek judicial relief and chilling their exercise of that right in the future.

111.    Defendants further violated 42 U.S.C. § 1985(2) by conspiring for the purpose of impeding, hindering, obstructing, and defeating the due course of justice with intent to deny the Plaintiffs equal protection of the laws.

112.    Defendants further violated 42 U.S.C. § 1985(2) by conspiring to injure the Plaintiffs for attempting to enforce their rights to equal protection.

113.    Defendants violated 42 U.S.C. § 1985(3) by conspiring to injure the Plaintiffs, by force, intimidation, and threat, through their persons and property, on account of their support and advocacy in a legal manner challenging and protesting laws related to Plaintiffs and Club Omaha.

114.    Defendants further violated 42 U.S.C. § 1985(3) by depriving Plaintiffs of having and exercising rights and privileges that they are guaranteed as citizens of the United States of

America.

115.    Wherefore, Plaintiffs request equitable relief and monetary damages.

## SIXTH CAUSE OF ACTION

### DECLARATORY RELIEF

### CLUB OMAHA IS NOT A "PUBLIC PLACE"

116.    NRS 53.186.01 "Consumption of liquor in a public place" has no application to employees or members of Club Omaha because Club Omaha is a "private" membership club that holds "private" events on "private property."

117.    This is stated on Club Omaha's website, on signs outside the club, inside the club, and throughout Club Omaha's membership contract and rules and regulations.

118.    To enter Club Omaha and partake in membership benefits, a prospective member must sign a very restrictive contract that includes a code of conduct, confidentiality agreement, injury waiver, arbitration clause, and other rules and regulations.

119.    These membership contracts subject Club Omaha's members, employees, and contractors to rules and regulations that members of the general public do not have to adhere to when congregating in "any bottle club, dance hall, restaurant, cafe, or club or any place **open to the general public**…" (NRS 53.186.01(1))

120.    A prospective member must pay either $40 for a one-night membership, $60 for a one-year membership, or $300 for a gold membership; these membership fees further screen prospective members as most bars in Omaha do not charge any admission price.

121.    The Nebraska Liquor Control Commission through its website and frequency asked questions agrees and advertises to the public that no liquor license should be required for private events that are not open to the public.

122.    Additionally, all members of Club Omaha must provide a copy of valid picture identification to the club to hold for its records; this is yet another requirement that does not exist in an establishment that is open to the public.

123.    The interior and exterior of Club Omaha has over a dozen high definition security cameras that monitor all activities at the Club for the safety of everyone.

124.     Club Omaha's membership requirements are nearly identical to hundreds of other businesses in the City of Omaha, including country clubs, health clubs, veterans' clubs, fraternities, sororities, etc.  They all operate on private property for members only and they allow prospective members to enter their property for the purpose of applying.

125.    Lastly, Club Omaha does not have a liquor license, food license, or other license or permit that allows any government authority to enter its property without a warrant or advance permission (Nebraska businesses with liquor licenses must allow police officers to enter in uniform or undercover at any time of day or night without warning).

126.    Wherefore, Plaintiffs request a Declaratory Judgment ruling that Club Omaha is not a "public place" within the meaning of NRS 53.186.01.

## SEVENTH CAUSE OF ACTION

## MALICIOUS ABUSE OF PROCESS

127.    Defendants' service of criminal citations upon Plaintiffs Kroese and Evans and a third individual, along with procuring their fingerprints and signatures against their will, were done for the ulterior purpose of scaring these individuals and any other individuals from working at Club Omaha rather than penalizing them for "Consumption of liquor in a public place" as stated in the citation.

128.    These citations were also served for the ulterior purpose of harassing Plaintiffs

Harrington and H & S Club Omaha, Inc. and costing them money for the criminal legal defense of three cases that don't have an ounce of merit.

129.    Defendants misused legal criminal process in prosecuting Plaintiffs Kroese and Evans and a third individual under Nebraska criminal law without probable cause.

130.    The citations have no basis in law or fact.

131.    The officers who issued the citations didn't even know what they were for.

132.    The officers issued citations for "Consumption of liquor in a public place" when none of the three individuals cited "consumed liquor" and when 7301 Farnam Street is not a "public place."

133.    The citations contained no time of offense, witnesses, or any evidence in support of claims that were literally manufactured at the time the citation was served.

134.    One of the officers apologetically said to Defendant Kroese that, "It's not my investigation… I don't want to give you a ticket but I was told to."

135.    Defendants have perverted the integrity of the City of Omaha's Court system by issuing defective and unenforceable tickets in an effort to close down a legal business to which the Mayor, City Attorneys, and City Council have moral and religious objections to.

136.    The effect of these illegal tickets is that of extortion; close down your legal business or we will throw your employees in jail without probable cause and scare everyone in Nebraska from patronizing your business.

137.    Defendant Peters was given the opportunity to dismiss the three citations issued but refused to do so, providing no legal explanation for her decision.

138.    Wherefore, Plaintiffs request equitable relief and monetary damages.

**EIGHTH CAUSE OF ACTION**

**INVASION OF PRIVACY - INSTRUSION**

139.     On February 22, 2019, February 28, 2019, March 1, 2019, and March 12, 2019, Defendants invaded Plaintiffs' privacy by entering Club Omaha without a warrant or advance permission.

140.     On March 12, 2019, Defendants threatened and intimidated Plaintiffs Kroese and Evans with defective citations.

141.     Defendants knew they were not permitted by law to enter Club Omaha so they did so without uniforms and without body cameras.

142.     Plaintiffs have a reasonable expectation of privacy at Club Omaha, which is located on private property and open to members only.

143.     Defendants invaded Plaintiffs' privacy by entering the property and building without a warrant or consent during operating hours.

144.     Wherefore, Plaintiffs request an order enjoining Defendants from entering Plaintiffs' Private Properties in the future without a warrant or advance permission and that Plaintiffs be awarded damages and the costs of this action.

**NINTH CAUSE OF ACTION**

**FALSE LIGHT INVASION OF PRIVACY**

145.     Defendants have placed Plaintiffs in a false light that depicts them as criminals acting in violation of Nebraska law.

146.     Defendants have falsely accused Plaintiffs Kroese and Evans of "Consumption of liquor in a public place" (or allowing consumption of liquor in a public place) on dates when they did not consume liquor and at a location that is not a public place.

147.    Employees, contractors, dancers and members at Club Omaha are aware that Kroese and Evans have been cited for criminal conduct on March 12, 2019.

148.    These criminal citations and the false charges they include place Plaintiffs in a false light.

149.    Wherefore, Plaintiffs request equitable relief and monetary damages.

## TENTH CAUSE OF ACTION

### DEFAMATION

150.    Defendants have knowingly and intentionally falsely accused Plaintiffs Kroese and Evans of "Consumption of liquor in a public place" when Defendants have no admissible evidence that Kroese, Evans or anyone else consumed alcohol or that 7301 Farnam Street is a public place.

151.    As such, Plaintiffs Kroese and Evans, as well as Club Omaha and its owner Shane Harrington, have been falsely accused of criminal conduct by Defendants.

152.    Wherefore, Plaintiffs request an order requiring Defendants to withdraw the citations issued against Plaintiffs as they are defamatory and entirely without merit and that Plaintiffs be granted monetary damages.

## ELEVENTH CAUSE OF ACTION

### TORTIOUS INTERFERENCE WITH CONTRACTS

153.    Defendants are aware that Plaintiff H & S Club Omaha, Inc. has contracts with dozens of adult entertainers, security personnel, and other employees and contractors as well as contracts with thousands of members.

154.    Defendants trespassed upon Plaintiffs' property and issued citations on March 12, 2019, to tortiously interfere with Plaintiffs' contracts; to discourage the performance of said contracts; and to discourage new people from entering contracts with Plaintiffs.

155.    At the time Defendants unlawfully entered Plaintiffs' property, two new dancers were in

the membership room awaiting interviews and were frightened by Defendants.

## TWELTH CAUSE OF ACTION

## FALSE IMPRISONMENT

156.    Defendants Cotton, and John Doe Police Officers #1, #2, and #3 collectively engaged in false imprisonment of Plaintiffs Kroese and Evans for a majority of the time between 6:03 – 6:15 pm at Club Omaha's membership room and office.

157.    For a period of approximately eight minutes, these four large, male police officers surrounded Plaintiffs Kroese and Evans and refused to allow them to leave this room, refused to allow them to call their lawyer or their employer, refused to allow them to exit the building, refused to allow them to use the restrooms, and otherwise restricted their movements such as to constitute false imprisonment.

158.    These officers said "don't move" on several occasions.

159.    Defendants used the threat of handcuffs, a gun that was exposed by a person without a badge for three and a half minutes, and incarceration to falsely imprison Plaintiffs Kroese and Evans during an illegal search, seizure and interrogation.

160.    Wherefore, Plaintiffs request equitable relief and monetary damages.

## THIRTEENTH CAUSE OF ACTION

## ASSAULT AND BATTERY

161.    On March 12, 2019, the four police officers engaged in a criminal and civil assault of Plaintiffs Kroese and Evans.

162.    Said police officers intimidated Plaintiffs Kroese and Evans with their language, tone, and body movements, including brandishing handcuffs, clutching a handgun, yelling "don't move" repeatedly, and other overt actions captured on videotape.

163.    Said officers paced around Kroese and Evans for a period of approximately 12 minutes during which they came within inches of touching Kroese and Evans in an intimidating manner.

164.    Said officers forced Kroese and Evans to provide fingerprints and signatures against their will under duress in an assault and battery.

## FOURTEENTH CAUSE OF ACTION

## CRIMINAL AND CIVIL TRESPASS

165.    On March 12, 2019, Defendants engaged in Criminal Trespass in the Second Degree, a violation of N.R.S. 28-521, and Civil Trespass, a violation of Nebraska law, when they entered Club Omaha without warrant or advance permission for approximately 12 minutes.

166.    Defendants Cotton and John Doe Police Officers #1, #2 and #3 under the direction, supervision and authority of Defendants Peters and Schmaderer and the City of Omaha, knowingly entered Plaintiffs' private membership club without permission to intimidate and harass Plaintiffs with defective citations and physical and verbal threats of being handcuffed and taken to jail.

167.    Defendants knew they were prohibited from entering Plaintiffs' property but did so in spite of their knowledge with actual malice.

168.    Defendants parked with unmarked cars and entered the clubs in plain clothes to fool Plaintiffs into thinking they were members of Club Omaha and only produced their badges after they had entered the private membership club on private property.

169.    In the summer of 2018, Defendants attempted to enter Club Omaha but were prevented from doing so at the front door; as such they are fully aware that Club Omaha is located on private property.

170.    Wherefore, Plaintiffs request an order enjoining Defendants from trespassing upon

Plaintiffs' Private Properties in the future without a warrant or advance permission and that Plaintiffs be awarded damages and the costs of this action.

## FIFTEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

171.    Defendants acts of brandishing handcuffs, grabbing a pistol, forcing Kroese and Evans to provide their fingerprints and signatures, and threatening Plaintiffs Kroese and Evans with "going to jail," and other acts and statements made during their interrogation of Kroese and Evans are extreme and outrageous acts committed to inflict emotional distress.

172.    Plaintiffs Kroese and Evans did suffer extreme emotional distress at the time of the incident and following the incident.

173.    Wherefore, Plaintiffs Kroese and Evans request compensatory and punitive damages for Defendants' tortious conduct.

## SIXTEENTH CAUSE OF ACTION

## NEGLIGENT HIRING, TRAINING AND SUPERVISION

174.    The City of Omaha was and is negligent in the hiring, training, and supervision of Defendants Peters, Schmaderer, Cotton, and John Doe Police Officers #1, #2 and #3.

175.    The City of Omaha failed to train their police officers with regard to obtaining a warrant to search private properties.

176.    The City of Omaha failed to train Defendant Peters with regard to the civil rights of Plaintiffs and Nebraska citizens.

177.    The City of Omaha failed to train and supervise the proper prosecution of Plaintiffs under NRS.53.186.01.

178.    The City of Omaha failed to train Defendants Peters and Schmaderer as to the difference

23

between public and private property and the need to obtain a warrant to search private property.

179.    Wherefore, Plaintiffs Kroese and Evans request compensatory and punitive damages for Defendants' tortious conduct.

## SEVENTEENTH CAUSE OF ACTION

## BREACH OF CONTRACT

180.    On or about February 22, 2019, February 28, 2019, and March 1, 2019, Defendants individually, and by their servants, agents, employees, and contractors, entered into membership contracts with Plaintiffs at Club Omaha.

181.    Among other terms and conditions, the contract states:

## CLUB OMAHA APPLICATION, TERMS OF MEMBERSHIP,

## CONFIDENTIALITY AGREEMENT & INJURY WAIVER

CLUB OMAHA is a private membership club for adults ages 18 and older that holds private events at 7301 Farnam Street, Omaha, NE, featuring live entertainment.  Midwest Girls Club memberships are honored at CLUB OMAHA.  ***No law enforcement officer or investigator may join* CLUB OMAHA *or enter the property* in their official capacity *without a warrant or advance permission from Club Omaha.  Are you a law enforcement officer or working with law enforcement? _____ (If so, please execute our Law Enforcement Waiver) ...***  All Members are subject to the Articles of Incorporation, Bylaws, and rules and regulations, (including the private dance policy, arbitration clause and class action waiver) of H & S Club Omaha, Inc., MelTech, Inc. and MGC, Inc. (collectively "The Corporations") …  Members shall maintain the privacy and confidentiality of all activities occurring on the property; taking photographs or videos on the property are strictly prohibited.

182.    Defendants who entered Plaintiffs property on February 22, 2019, February 28, 2019, and

March 1, 2019, did not identify themselves as police officers in violation of the Club Omaha membership contract and they did not abide by the Club Omaha rules and regulations.

183.    The contract further states: "In the event a member violates any of these rules and regulations they may be suspended, terminated, reported to the authorities, and/or sued."

184.    Due to Defendants' violations of Club Omaha membership contracts, rules and regulations, Plaintiffs have exercised their contractual right to sue Defendants.

185.    Wherefore, Plaintiffs H & S Club Omaha, Inc. and Shane Harrington request compensatory damages for Defendants' breaches of contract.

## DEMAND FOR JURY TRIAL

186.    Plaintiffs hereby demand trial by jury on all claims so triable.

187.    Pursuant to United States District Court of Nebraska Local Rule 40.1(b), Plaintiffs request the trial be held in Omaha, Nebraska.

## PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

A) A TRO, injunction, and declaratory judgment maintaining the status quo at Club Omaha on 72nd Street and S. 120th Street until Plaintiffs' Court date of April 16, 2019;

B) A TRO, injunction, and declaratory judgment maintaining the status quo at Club Omaha on 72nd Street and S. 120th Street until Plaintiffs' 8th Circuit appellate case against Defendant the City of Omaha is resolved;

C) A TRO, injunction, and declaratory judgment against the Defendants declaring that Club Omaha is not a "public place;"

D) A TRO, injunction, and declaratory judgment against the Defendants declaring that the citations issued by Defendants on March 12, 2019, were and are constitutionally

defective;

E) A TRO, injunction, and declaratory suppressing any and all evidence obtained by Defendants during their illegal searches and seizures of February 22, 2019, February 28, 2019, March 1, 2019, and March 12, 2019;

F) A TRO, injunction, and declaratory judgment enjoining and restraining Defendants from further violating the rights of or discriminating against Plaintiffs.

G) A judgment against Defendants, jointly and severally, for all statutory damages, past, present, and future general and special damages and punitive damages;

H) A TRO, injunction, and declaratory judgment permanently enjoining and restraining Defendants from entering Plaintiffs' property at 7301 Farnam Street, Omaha, Nebraska, and 2603 – 2607 S. 120th Street, Omaha, Nebraska without a warrant;

I) Attorneys' fees, appraisal fees, interest, and costs as may be allowed by law.

J) Such other and further relief as is just and necessary.

Respectfully Submitted,

March 21, 2018

By: /s/ Evan Spencer
Evan Spencer
Attorney at Law
NY Bar# 278681205
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerEsq.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2019, I electronically filed this Complaint with the Clerk of the Court using the CM/ECF system.

s/Evan Spencer
Evan Spencer